Dear Mr. Giarusso:
You have requested an opinion of the Attorney General as to whether LSA-R.S. 42:394 authorizes the state and its political subdivisions and agencies to grant "military leave" with pay and full employee benefits to public officers and employees called to active duty in the military as a result of the Iraqi invasion of Kuwait and the threat of imminent war in the Persian Gulf region.
In answer to your companion opinion request, Opinion of the Attorney General No. 90-669 concluded that once leave with pay benefits wereexhausted, no policeman, fireman or deputy sheriff could continue to receive either regular base pay or supplemental pay. Neither could military pay substitute for the base pay required for eligibility for supplemental pay, because the soldier was not performing the civilian public safety function which the legislature intended supplemental pay to facilitate and enhance.
In the instant opinion request, you ask a different legal question. Assuming leave with pay could be lawfully authorized for all public officers and employees while on active duty, would it be lawful for such persons to continue to receive full or part pay and for firemen, policemen, and deputy sheriffs to receive supplemental pay?
The answer is affirmative.
To achieve this result constitutionally will require remedial legislation. R.S. 42:394 does not establish a minimum privilege of leave without pay for public officers and employees as your opinion request interprets and asserts its import. Rather, R.S, 42:394 mandates amaximum authorization for governmental entities to grant leave with pay to public officers and employees on active military reserve duty for no more than fifteen (15) days a year. The entire text of the statute reads:
 "All officers and employees of the state, or of any parish, city, town, political subdivision, unit, or any state institution thereof, who are members of the Officers Reserve Corps of the Army of the United States, the National Guard of the United States, the Naval Reserve Corps, the Marine Corps Reserve, the Air Force Reserve, the Citizens Military Training Corps, or the Civil Air Patrol, either as officers or enlisted men (sic], are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they are ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen days in any one calendar year;
and when relieved from duty, they are to be restored to the positions held by them when ordered to duty." (Emphasis added)
Accordingly, present law does not authorize the military leave you contemplate. The relevant question is, can such longer military leave, perpetuating employment status with all benefits of employment (health insurance, retirement, regular and supplemental pay), be authorized in law, and how?
The rights and privileges attendant to public office and employment are generally subject to the sound constitutional discretion of the legislature, and subject to its plenary power unless specifically vested in another branch of government by the constitution. La. Const. Art.III, § 1 (1974). Supplementary to this plenary power and discretion is the power to appropriate funds to a compensate public officers and employees and to provide appropriate and fair benefits in the public interest. La. Const. Art. III, § 16 (1974). Encompassed in this plenary power over the public fisc, Woodard v. Reily, 152 So.2d 41 (La. 1963); Bruneau v. Edwards, 517 So.2d 818 (La.App. 1st Cir. 1987) and over the terms and conditions of public employment is the power to determine whether the State of Louisiana will provide leave benefits to its officers and employees called to active military duty, and the nature of those benefits if granted.
The legislature has general constitutional obligation to act in this regard, although it enjoys much discretion as to the specific action to be taken. The preamble to the Constitution is not substantive, but it is contextual. It adumbrates the purposes for which the substantive powers expressly granted by the Constitution may be exercised, and thus serves to define the obligations of the state. In pertinent part, the preamble to the Constitution provides:
 "We, the people of Louisiana, grateful to Almighty God for the civil, political, economic, and religious liberties we enjoy; and desiring to . . . provide for the common defense; and secure the blessings of freedom and justice to ourselves and posterity, do ordain and establish this Constitution." (Emphasis added)
"Common defense", since it is unlikely that Louisiana will ever be military attacked and not the United States as well, is interpreted by the Attorney General to recognize a legal obligation by the State of Louisiana to assist and support in the defense of the United States as a whole in times of war or imminent military hostilities threatening either American sovereignty or military forces. This implicit constitutional mandate ratifies and strengthens the legislative power to ordain the employment status and rights of public officers and employees called to active military service by the federal government for the "common defense."
In this legal context, the legislature may constitutionally take certain actions to authorize the type of military leave benefit you have described in your opinion request. Legislation must be adopted effecting the following changes in the present law:
 1. The present text of R.S. 42:394 should be redesignated subsection "A", and the words "in peacetime" added at the end of the last sentence.
 2. Subsection B should be added to read as follows:
 "When due to the declaration of a state of war, or the imminent threat of military hostilities against American military forces or citizens, or any other threat to the national security, the President of the United States orders the mobilization to active duty status of any of the aforedescribed reserve military units for a period of time exceeding fifteen days in one calendar year, the governing authority of the state, parish, municipality or other political subdivision or agency of the State of Louisiana is authorized in its discretion to grant military leave to any public officer or employee called thereby to active military duty, and such military leave may authorize continued regular pay or such reduced pay as the governing authority may deem proper."
 3. Subsection C should be added to read as follows:
 "Regardless of the rate of compensation authorized for the military leave granted, such military leave shall continue in the public employee or officer full official or employment status in law, with all benefits and privileges appertaining thereto."
 4. R.S. 33:2002 (firemen) should be amended to add subsection "C" as follows:
 "No person previously eligible and actually receiving supplemental pay under this section shall be deprived of such supplemental pay when the governing authority employing such person has granted the employee military leave as authorized by R.S. 42:394."
 5. R.S. 33:2218.2 (municipal policemen) should be amended to add subsection "E" as follows:
 "No person previously eligible and actually receiving supplemental pay under this section shall be deprived of such supplemental pay when the governing authority employing such person has granted the employee military leave as authorized by R.S. 42:394."
 6. R.S. 33:2218.8 should be amended to add subsection "E" as follows:
 "No person previously eligible and actually receiving supplemental pay under this section shall be deprived of such supplemental pay when the governing authority employing such person has granted the employee military leave as authorized by R.S. 42:394."
When existing law does not support an opinion request, it is not the usual practice of the Attorney General to suggest an outline for remedial legislation. Given the gravity of the subject matter, we make this suggestion in the hope that it is constructive.
However, only the legislature can balance the fiscal interests of the state with the public duty toward Louisianians in uniform and their families. We do not endorse the legislation we have outlined but state its details to explain the nature of remedial legislation required for the type of military, leave you wish established.
Because of the legislature's constitutional obligation to provide for the "common defense", and because of its remedial nature, such legislation could be given retroactive effect without violating the constitutional prohibition against donations of public funds. La. Const. Art. VII, § 14 (1974).
Trusting this to be of sufficient information, I am,
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: CHARLES J. YEAGER Assistant Attorney General
CJY:jv